**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO.   7:20-CV-371 |
| 8.059 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY, STATE OF TEXAS; AND CITY OF HIDALGO, ET AL., | § § § § § § | |
| *Defendants.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FRCP 26(f)**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Hilda Garcia Concepcion, Assistant United States Attorney, and Ricardo Perez and Erick Holguin, attorneys for Defendant, conferred on March 26, 2021.

2. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   None at this time.

3. **Briefly describe what this case is about.**

   This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property, and for the determination and award of just compensation to the owners and parties in interest, in accordance with 40 U.S.C. 3113 and 3114, which Plaintiff contends authorizes the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 USC 1103(b) & note; and the Act of Congress approved May 5, 2017, as Public Law 115-31, div. F, tit. VI, 131 Stat. 135, which appropriated the funds that shall be used for the taking.

4. **Specify the allegation of federal jurisdiction.**

   Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

5. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe any class-action issues.**

   None.

9. **State whether each party represents that is had made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

   Parties will provide initial disclosures based on plans prior to the Executive Order issued by President Biden on January 20, 2021 ("Executive Order")[1] pursuant to Rule 26(a)(1)(A) prior to the Initial Pretrial and Scheduling Conference set for April 7, 2021.

10. **Describe the discovery plan proposed by the parties, including:**

    A. **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?**
       None.

    B. **When and to whom the plaintiff anticipates it may send interrogatories?**

       Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States anticipates sending interrogatories to the Property Owner after the entry of this Court's scheduling order.

---

[1] Pres. Proc. No. 10142, 86 Fed. Reg. 7225 (Jan. 20, 2021), https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/proclamation-termination-of-emergency-with-respect-to-southern-border-of-united-states-and-redirection-of-funds-diverted-to-border-wall-construction/.

C. **When and to whom the defendant anticipates it may send interrogatories?**

Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the Defendant anticipates sending interrogatories to the United States after the entry of this Court's scheduling order.

D. **Of whom and by when the plaintiff anticipates taking oral depositions?**

Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States anticipates taking oral depositions of the Property Owner's fact witnesses and other relevant witnesses prior to the end of the discovery period, assuming no delays in written discovery and subpoenas, if any.

E. **Of whom and by when the defendant anticipates taking oral depositions?**

Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the Defendant anticipates taking the oral depositions of representative(s) of the United States, non-party designated representative(s), and non-party construction representative(s) and other relevant witnesses prior to the end of the discovery period, assuming no delays in written discovery and subpoenas, if any.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

The Defendant has the burden of proof regarding the issue of just compensation in this action. Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States anticipates being in a position to designate responsive experts within 180 days of the scheduling order in this case. The United States would request a second deadline to allow for rebuttal experts if the United States is ordered to designate experts on the same date as defendant.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

The Defendant is the party with the burden of proof. Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the Defendant anticipates deposing any experts designated by the United States by the end of the discovery period as set out by the Court in its Scheduling Order.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

The Defendant is the party with the burden of proof. Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States anticipates deposing any experts designated by the Defendant by the end of the discovery period as set out by the Court in its Scheduling Order.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement on the discovery plan.

Defendant agrees to confirm within 14 days whether it will be requesting that title to the estate taken in this case be revested[2] if determined that the property taken is not needed for the purpose listed in Schedule B of the Declaration of Taking after completion of the redirection of funds.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    The United States and Defendant have been communicating regarding the location of the border barrier, size of the enforcement zone, gate access and other matters. Additionally, the United States has spoken with Defendant multiple times regarding just compensation.

    No discovery has yet been undertaken. On January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. The United States is awaiting guidance on whether it will be allowed to proceed with this case.

13. **State the date the planned discovery can reasonably be completed.**

    Subject to guidance from the Administration as to this condemnation to construct a wall/bollard fence, the parties anticipate that discovery can be reasonably completed within 9 months after the entry of the Court's scheduling order.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties engaged in meaningful settlement negotiations but have not been able to determine or agree on appropriate compensation for the taking. Additionally, on January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. The United States is awaiting guidance on whether it will be allowed to proceed with this case or the plans for use of the Subject Property continue as designated in Schedule B of the Declaration of Taking. The parties are hopeful a settlement can be reached prior to the time of trial should plans for use of the property continue as stated in Schedule B of the Declaration of Taking.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Prior to filing suit, on or about July 6, 2020, Fort Worth District notified the McAllen Real Estate Office that the value letter and offer to sell for Subject Tracts was being sent via Federal Express to the City of Hidalgo.

    On July 8, 2020, Realty Specialist attempted to contact Mr. Julian Gonzalez, however Mrs. Garcia's call was transferred to Ms. Denise Elliff, Secretary for City of Hidalgo, who said

---

[2] *See* 40 U.S.C. § 3117 ("In any condemnation proceeding brought by or on behalf of the Federal Government, the Attorney General may stipulate or agree on behalf of the Government to exclude any part of the property, or any interest in the property, taken by or on behalf of the Government by a declaration of taking or otherwise.").

she had prior commitments and asked if she could contact Mrs. Garcia later that day.

On July 10, 2020, Realty Specialist attempted to contact Ms. Elliff; however, was informed that she would be out of the office until the following Monday, July 13, 2020.

On July 13, 2020, Realty Specialist attempted to contact Ms. Elliff, and left voicemail. Ms. Elliff contacted Realty Specialist Garcia and requested the Offer to Sell be sent to her via email to: deliff@cityofhidalgo.net.

Ms. Sandra Riggs, Chief, McAllen Real Estate Office, received phone call from Mr. Julian Gonzalez, City Manager, City of Hidalgo and they conferred in an attempt to reach an agreement. Mr. Gonzalez also stated that the City will not agree to sign the OTS and requested a conference call between the City's representatives and representatives of the Army Corps. Ms. Riggs advised that she could coordinate a design consultation with CBP and the City representatives and Mr. Gonzalez agreed.

On July 20, 2020, Ms. Riggs received an email from Mr. Gonzalez which contained the City of Hidalgo's rejection letter. Condemnation was recommended.

On August 6, 2020 Mr. Gonzalez, City Manager for the City of Hidalgo sent a letter to Mr. Loren Flossman indicating that the City did not accept the agency's proposal.

On August 6, 2020, Frank Vallejo, Special Operations Supervisor, spoke with Mr. Gonzalez regarding a request for reduction of the area to be condemned.

The City Manager was in constant communication with RGV sector and has mentioned that he is willing to consider the OTS if the area is reduced.

On August 13, 2020, the U.S. Attorney's Office sent an email to Mr. Gonzalez advising that the case had been referred to DOJ for further negotiations and requested a phone call be coordinated.

On August 16, 2020, A.U.S.A. Garcia sent email to Mr. Gonzalez advising of the case being referred to DOJ. She mentioned that Mr. Frank Vallejo had put her up to date of the City's interest in negotiating if the acreage were reduced.

On August 24, 2020, Mr. Vallejo sent follow up email to Mrs. Elliff advising that he had met with Mr. Julian Gonzalez the previous week regarding the land acquisition and he was still pending receipt of the City's alternatives, which Mr. Gonzalez had advised would be ready by August 21, 2020.

On August 25, 2020, A.U.S.A Garcia also sent follow up email to Mrs. Elliff regarding the City's proposed alternatives to forward them to the pertinent parties and hopefully reach an agreement.

On August 26, 2020, Mr. Julian Gonzalez sent the City's proposal. Mr. Gonzalez also contacted Mr. Vallejo and asked Mr. Vallejo if he would be available to attend a city council meeting on August 31 and offered to have her participate via phone.

On September 9, 2020, Mr. Vallejo advised that he had attended the last City Council meeting

and they had come to an impasse due to the claim of a water park to be built in the proposed taking area. He advised that the City will have another meeting to continue discussion.

On October 14, 2020, A.U.S.A. Garcia sent an email to Mr. Julian Gonzalez requesting status of the City's evaluation of the OTS.

On October 15, 2020, Mr. Julian Gonzalez sent a letter advising that they had in fact met with Mr. Vallejo in various occasions and requesting the government perform a survey. A.U.S.A. Garcia responded advising that in the OTS Exhibit the meets and bounds were identified and that the area to que acquired was also identified. She advised that no other surveys would be conducted as nothing had changed.

On October 22, 2020, A.U.S.A. Garcia sent follow-up email to Mr. Julian Gonzalez. In the email she asked if the City would be in agreement to the fee simple taking of 7.844 acres and .215 acres for the perpetual easement for the total just compensation of $65,840.

On October 26, 2020 Mr. Vallejo, A.U.S.A. Garcia and City Manager Mr. Gonzalez spoke via conference call regarding the taking, access and location.

On November 4, 2021, Ricardo Perez Law Firm sent letter to A.U.S.A. Garcia advising that the City of Hidalgo had retained their services for the condemnation matter. Counsel for Defendant and Plaintiff were in communications regarding just compensation.

On January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. The United States continues to await guidance on whether it will be allowed to proceed with his case. Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the parties will resume settlement negotiations in detail.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    The parties are amenable to formal and informal dispute resolution alternatives. Formal dispute resolution would be effective at the end of the discovery period.

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not agree to this case being tried before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    The United States makes no demand for jury trial.

    Defendant has demanded a jury trial.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties anticipate that it will take no more than 48 hours to try this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

    It is possible that rebuttal experts may be needed in this matter. The United States requests that the Court set a rebuttal expert deadline for forty-five (45) days after the date of the mutual expert report exchange.

    The United States notes that the uses of the property as stated in Schedule B may change depending on the awaited guidance from the Administration.

23. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

COUNSEL FOR DEFENDANT:

**RICARDO PEREZ**
Southern District of Texas No.: 5597507
Texas Bar No.: 24048723
208 Lindberg Ave
McAllen, TX 78501
Telephone: (956) 782-2700
Facsimile: (9560 782-2703
E-mail: rperez@perezlegal.com
Attorney-In-Charge for Defendant

**ERICK G. HOLGUIN**
Southern District of Texas No.: 2791316
Texas Bar No.: 24097844
208 Lindberg Ave
McAllen, TX 78501
Telephone: (956) 782-2700
Facsimile: (9560 782-2703
E-mail: erick@perezlegal.com

COUNSEL FOR PLAINTIFF:

**HILDA M. GARCIA CONCEPCION**
Assistant United States Attorney
Southern District of Texas No.3399716
Puerto Rico Bar No. 15494
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8004
Facsimile: (956) 618-8016
E-mail: Hilda.Garcia.Concepcion@usdoj.gov
Attorney-in-Charge for Plaintiff

**ALYSSA IGLESIAS**
Assistant United States Attorney
Southern District of Texas No.: 3610302
Florida Bar No.: 103383
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 992-9351
Facsimile: (956) 992-9425
E-mail: Alyssa.Iglesias@usdoj.gov

Respectfully submitted,

JENNIFER B. LOWERY
Acting United States Attorney
Southern District of Texas

By: *s/ Ricardo Perez* (with permission)
**RICARDO PEREZ**
Southern District of Texas No.: 5597507
Texas Bar No.: 24048723
208 Lindberg Ave
McAllen, TX 78501
Telephone: (956) 782-2700
Facsimile: (9560 782-2703
E-mail: rperez@perezlegal.com

**ERICK G. HOLGUIN**
Southern District of Texas No.: 2791316
Texas Bar No.: 24097844
208 Lindberg Ave
McAllen, TX 78501
Telephone: (956) 782-2700
Facsimile: (9560 782-2703
E-mail: erick@perezlegal.com

By: *s/ Hilda M. Garcia Concepcion*
**HILDA M. GARCIA CONCEPCION**
Assistant United States Attorney
Southern District of Texas No.3399716
Puerto Rico Bar No. 15494
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8004
Facsimile: (956) 618-8016
E-mail: Hilda.Garcia.Concepcion@usdoj.gov

**ALYSSA IGLESIAS**
Assistant United States Attorney
Southern District of Texas No.: 3610302
Florida Bar No.: 103383
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 992-9351
Facsimile: (956) 992-9425
E-mail: Alyssa.Iglesias@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on March 26, 2021, a copy of the foregoing document was electronically filed on the CM/ECF system and sent via regular mail to all parties.

By:  *s/ Hilda M. Garcia Concepcion*
**HILDA M. GARCIA CONCEPCION**
Assistant United States Attorney